IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MARCUS FELDER,

Defendant.

Case No.  14-CR-00536-MMC
Case No.  19-CR-00256-MMC

**ORDER DENYING DEFENDANT'S REQUEST FOR RELEASE**

Before the Court is a Request for Relief, filed March 18, 2020, whereby defendant seeks an order releasing him from Santa Rita Jail in light of COVID-19.  The government has filed opposition, to which defendant has replied.  Having read and considered the papers filed in support of and in opposition to the request, the Court rules as follows.

Defendant is presently incarcerated at the Santa Rita Jail, awaiting sentencing in Case No. 14-CR-00536, following a jury trial in which he was convicted of fraudulent use of unauthorized access devices, effecting transactions with access devices issued to other person, and aggravated identity theft.  Additionally, he is awaiting trial in Case No. 19-CR-00256, in which action he is charged with failing to appear for sentencing in Case No. 14-CR-00536 and contempt of court.

By the instant request, defendant seeks release under the standards set forth in 18 U.S.C. § 3142(f)(2) and § 3142(i), which sections apply to pretrial detainees.  As noted, however, defendant has been convicted and is awaiting sentencing.  Under such circumstances, the applicable statute pertaining to release is 18 U.S.C. § 3143(a)(1), under which a person awaiting sentencing may not be released "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a

United States District Court
Northern District of California

danger to the safety of any other person or the community if released." See 18 U.S.C. § 3143(a)(1). The Court finds defendant has failed to make the requisite showing.

First, the Court finds defendant has failed to show by a preponderance of evidence, let alone by clear and convincing evidence, that he is a not a flight risk. Defendant did not appear as ordered at his sentencing on April 17, 2019, and, even if, as defendant asserts, "international borders are essentially closed" in light of the present COVID-19 pandemic (see Def.'s Reply. at 10:26-27), defendant could, as demonstrated by his recent behavior, fail to appear at scheduled court proceedings while remaining at a location within the United States that is unknown to the Court and the government.

Second, although there is no suggestion defendant poses a danger to the physical safety of others if released, defendant has failed to show he poses no danger to the economic safety of others if released. In that regard, shortly after his release from custody following an arrest in 2013, in which he was found in possession of numerous items that are used for the purpose of engaging in credit card fraud, defendant proceeded to commit identity theft and, on multiple occasions involving multiple victims, credit card fraud, as found by the jury in Case No. 14-CR-00536. In support of the instant motion, defendant has provided no evidence as to his work history or any other information as to how, if released, he would pay his expenses by lawful means.

Lastly, although defendant argues he is subjected to a heightened risk of contracting a severe illness from COVID-19, defendant has not shown he falls within any of the groups identified by the Center for Disease Control and Prevention as persons who are at such risk. See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.

Accordingly, defendant's request is hereby DENIED.

**IT IS SO ORDERED.**

Dated: April 3, 2020

MAXINE M. CHESNEY
United States District Judge

2